### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **DELFINO JUAREZ RODRIGUEZ** | **CIVIL ACTION** |
| **v.** | **No. 26-2955** |
| **JL JAMISON**, *et al.* |  |

**Henry, J.**                                                                                                    **May 6, 2026**

#### MEMORANDUM

Delfino Juarez Rodriguez is one of many who have recently been detained by immigration authorities under the purported authority of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225. Respondents argue that this statute, properly interpreted, permits them to treat an immigrant who was not inspected upon arrival in the country as "seeking admission," no matter how long ago that arrival occurred. This distinction deprives a detainee like Juarez Rodriguez of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of many other decisions in recent months rejecting the BIA's analysis, and because I am not persuaded or bound by the contrary appellate authority, I grant Juarez Rodriguez's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

### I.      BACKGROUND

On May 3, 2026, Juarez Rodriguez filed a petition for a writ of habeas corpus. He is detained in the Philadelphia Federal Detention Center (FDC) by Warden JL Jamison, after being arrested by Immigration and Customs Enforcement (ICE) on April 30, 2026, while on his way to work. ECF No. 1, ¶¶ 2, 21. Juarez Rodriguez is a citizen of Mexico and entered the United States

at the U.S.-Mexico border in approximately 2006. ECF No. 1, ¶¶ 17, 20. He has remained in the United States since that time, and his next scheduled immigration hearing is set for May 13, 2026. Id., ¶ 20. Because Juarez Rodriguez is detained under the mandatory detention provision of 8 U.S.C. § 1225, Respondents have determined that he will not be permitted a bond hearing.

## II.   **<u>DISCUSSION</u>**

As Respondents acknowledge, "the case turns principally on the threshold question of statutory interpretation" regarding the immigration detention statutes. Br. in Opp. at 4. The question resolves into arguments about interpreting Section 1225, which may also touch on the Constitution's Due Process Clause as well as immigration regulations. The issue has been considered directly by four appellate courts. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. Feb. 6, 2026) (agreeing with the government's position in a split opinion); *Avila v. Bondi,* 170 F.4th 1128, 1138 (8th Cir. Mar. 25, 2026) (agreeing with the government's position in a split opinion); *Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2nd Cir. Apr. 28, 2026) (rejecting the government's position in an unanimous opinion); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026) (rejecting the government's position in a split opinion). The Court of Appeals for the Third Circuit, whose decisions bind this Court, has before it appeals of the same issue, *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d Cir.), set for argument next week.

The question here: Is Juarez Rodriguez properly detained under the mandatory detention provisions in 8 U.S.C. § 1225? According to Respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt

entitled to be admitted, the alien shall be detained . . ." (emphasis added). Respondents claim that Juarez Rodriguez was "seeking admission" under this section, although he had been in the country since 2006 and was detained in April of 2026. This reading suffers from several textual problems. First, it is not a plain reading of the text, since it would run against statutory definitions to say that Juarez Rodriguez "seeks" to be "admitted" to a place he had already entered. *Cunha,* 2026 WL 819258 at * 6. Next, it threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Id.; Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting). It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243 at *4 (E.D. Pa. Nov. 18, 2025) (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Buenrostro-Mendez*, 166 F.4th at 505 (offering alternative analysis of effect of Laken Riley Act). And it would seem to contravene the Supreme Court's own interpretation of the function of these statutes. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) ("law authorizes the Government to detain certain *aliens seeking admission* into the country under §§ 1225(b)(1) and (b)(2) [and] to detain certain *aliens already in the country* pending the outcome of removal proceedings under §§ 1226(a) and (c)").

Where this Court has spoken several hundred times on the matter in the past months, a deeper giving of reasons on this legal point would be merely cumulative. Because I find the statutory arguments sufficient to hold Juarez Rodriguez's present detention unlawful, I need not reach constitutional or regulatory arguments.

Respondents do not argue that Juarez Rodriguez is presently detained pursuant to both § 1226 and § 1225. Section 1226 permits detention but would generally permit the detainee to

seek bond. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at *5. Since Juarez Rodriguez has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

### III.   <u>CONCLUSION</u>

For the reasons given above, Juarez Rodriguez's present detention under § 1225 is unlawful, and he must be released. I will issue an order granting him a bond hearing upon any future detention under § 1226.